UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVAN SCHMELZER, and<br>SHELLY SCHMELZER,<br><br>      Plaintiffs,<br><br>and<br><br>SENTRY INSURANCE,<br><br>      Intervenor-Plaintiff,<br><br>vs.<br><br>MARK J. MUNCY,<br>ROSS WILSON TRUCKING, INC, and<br>TRANSPORT SERVICES OF<br>SULLIVAN IL, LLC<br><br>      Defendants,<br><br>and<br><br>SECURIAN FINANCIAL GROUP,<br>INC.<br><br>      Intervenor-Defendant. | Case No. 3:16-cv-290-GCS |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

On January 14, 2016, Plaintiff Stevan Schmelzer was driving when his vehicle collided with a semi-tanker driven by Defendant Mark J. Muncy. Schmelzer alleges that as a result of the accident, he suffered a traumatic brain injury, and he filed suit seeking, among other damages, compensation for future expenses, including lost future wages.

Defendants move for partial summary judgment because Plaintiff failed to disclose an expert who will testify that the car accident caused his brain injury. Defendants also argue that Plaintiffs do not have an expert to testify as to his need for future medical treatment, preventing them from recovering for possible future damages. (Doc. 178. 179). For the reasons delineated below, the Court denies Defendants' motion.

## BACKGROUND

Discovery in this action has been protracted with the Court regularly weighing in on disputes between the parties, and, in particular, addressing the disclosure of expert witnesses by the plaintiffs. In an Order entered August 14, 2019, the Court found that Plaintiffs failed to disclose properly Schmelzer's treating physicians as non-retained experts, but the undersigned permitted late disclosures subject to certain sanctions. As a result, some, if not all of Defendants' arguments in favor of summary judgment may now be moot. To the extent that the testimony of Plaintiffs' non-retained expert treating physicians does not render Defendants' motion moot, the Court summarizes the factual background as follows.

On January 14, 2016, Stevan Schmelzer and Mark Muncy were involved in an automobile collision. According to Schmelzer, he suffered a traumatic brain injury ("TBI") as a result of the accident. Schmelzer has disclosed an expert to testify as to the severity of his TBI, but, according to Defendants, he has not disclosed an expert to testify as to the causation of the injury. Dr. Lance Trexler, a neuropsychologist, was disclosed by Schmelzer to testify as to the residual effects of the brain injury.

Plaintiffs also disclosed an expert on economic damages, David Gibson. Gibson is not a medical expert and, instead, accepts the medical opinions expressed by medical experts in reaching an opinion as to lost-income damages. In addition to Gibson, Plaintiffs designated Carol White, who has a Doctorate of Nursing Practice, to provide expert testimony as to potential future medical expenses, including treatment, medication, and transportation. Specifically, White was retained to prepare a life-care plan, relying, in part, on medical opinions and information provided by Schmelzer's treating physicians.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See Archdiocese of Milwaukee v. Doe,* 743 F.3d 1101, 1105 (7th Cir. 2014)(citing FED. R. CIV. PROC. 56(a)). *Accord Anderson v. Donahoe,* 699 F.3d 989, 994 (7th Cir. 2012). A genuine issue of material fact remains "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). *Accord Bunn v. Khoury Enterpr., Inc.,* 753 F.3d 676, 681-682 (7th Cir. 2014).

In assessing a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *See Anderson v. Donahoe*, 699 F.3d 989, 994 (7th Cir. 2012); *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011). As the Seventh Circuit has explained, as required by Rule 56(a), "we set forth the facts by examining the evidence in the light reasonably most favorable to the non-moving party, giving [him] the benefit of reasonable, favorable

inferences and resolving conflicts in the evidence in [his] favor." *Spaine v. Community Contacts, Inc.*, 756 F.3d 542, 544 (7th Cir. 2014).

## ANALYSIS

The Court finds that Defendants' arguments that only an expert can testify as to the cause of Schmelzer's brain injury lacking in merit. Circumstantial evidence can establish whether Schmelzer had a brain injury before the collision. There is sufficient non-expert evidence that could allow a reasonable juror to conclude that the accident caused Schmelzer's TBI. Non-expert testimony cannot establish the severity of the injury or the residual effects on Schmelzer's life, but expert testimony is not needed to establish causation based on the record before the Court. *See, e.g.*, *McAllister v. Price*, 615 F.3d 877, 882 (7th Cir. 2010)(finding that a "plaintiff may rely on lay testimony when causation is within the understanding of a lay person.").

As Defendants' arguments against David Gibson's calculations require the Court to find that Plaintiffs cannot establish causation, Defendants' motion for summary judgment will not be granted on this basis either. As to White's expert testimony to establish future medical treatment, Defendants argue that Dr. Trexler does not offer an opinion on future care and that Schmelzer's treating physicians should be barred from offering expert testimony. As the Court resolved the issues related to expert testimony from the treating physicians, the undersigned finds that Defendants do not carry their burden of showing that they are entitled to summary judgment.

Defendants also raise an argument regarding medical bills that exceed the paid amounts, but the argument is brief, undeveloped, and premature, given the on-going

nature of expert discovery. For all these reasons, Defendants' motion for summary judgment (Doc. 178) is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 11, 2019.

Digitally signed by Magistrate Judge Gilbert C. Sison
Date: 2019.10.11 10:23:52 -05'00'

_____
GILBERT C. SISON
United States Magistrate Judge